

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00362-CR

**KEVIN RAY DAVIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2008-2105-C2**

## MEMORANDUM OPINION

Kevin Ray Davis appeals his conviction for aggravated assault with a deadly weapon. TEX. PEN. CODE ANN. § 22.02 (Vernon 2003). Based on the jury's verdict on punishment, the trial court sentenced Davis to imprisonment for twenty-five years in the Texas Department of Criminal Justice – Institutional Division. Davis complains that the trial court abused its discretion by refusing to allow testimony of an opinion regarding the victim's character for truthfulness in the guilt-innocence phase and in the admission of testimony regarding his gang affiliation in the punishment phase of the trial. Because we find no reversible error, we affirm the judgment of the trial court.

*Opinion Regarding Truthfulness*

Davis complains that the trial court erred by sustaining an objection by the State to a question propounded to a probation officer regarding the victim's character for truthfulness based solely on the information contained in the victim's probation file. Davis sought to elicit the testimony of a supervisor in the probation department that supervised the victim's probation for the offense of tampering with a governmental record pursuant to Texas Rule of Evidence 608.

In a hearing outside of the presence of the jury, Davis made a proffer of the proposed testimony of the probation officer. Specifically, he asked the following:

Q:    Ma'am, I think we were about to the part where I think I asked you if you had a chance to look at the file.

A:    Yes.

Q:    Okay. And that's a file that's kept in the normal course of the operation of the probation department; is that correct?

A:    That's correct.

Q:    Okay. Records made by people who have personal knowledge of the entries, is that right?

A:    That's correct.

Q:    Okay. And you've had a chance to look at that. And based on what you've seen in those records, do you have an opinion on whether Ms. Rollins is a truthful person or not?

A:    Yes, I do.

Q:    And what would that be?

A:    That she is not a truthful person.

It is apparent that at the trial court, Davis was seeking to elicit testimony regarding the probation officer's *opinion* regarding the victim's character for truthfulness, not the victim's *reputation* for truthfulness. However, his complaint to this Court relates solely to reputation evidence. Testimony regarding a witness's opinion of the victim's character for truthfulness is not the same as a witness's knowledge of the victim's reputation for truthfulness. *See*, *generally*, *Scott v. State*, 222 S.W.3d 820, 823-826 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The first is the direct opinion of the witness, which could be based solely on personal knowledge. The second is based on significantly more information. Reputation evidence must be based on conversations with others or hearing others discuss the reputation of the individual in question, not just personal knowledge. *See Adanandus v. State*, 866 S.W.2d 210, 226 (Tex. Crim. App. 1993). Davis's complaint does not comport with his objection at trial. To preserve error for appellate review, the point of error on appeal must comport with the objection made at trial. *See* TEX. R. APP. P. 33.1; *see also Sorto v. State*, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005). We overrule issue one.

*Evidence of Gang Membership*

Davis complains that the trial court erred by allowing the introduction of evidence of his purported membership in the "Crips," including the introduction of a photograph of Davis making a gang sign in the punishment phase of his trial. Davis contends that the admission of the gang-related evidence was more prejudicial than probative. However, during the testimony given relating to Davis's purported gang membership and the activities of the Crips in general, Davis only objected one time on

the basis of relevance. Therefore, we limit our consideration of this issue to the only time Davis objected on the basis that the evidence was more prejudicial than probative, which was at the time of the admission of the photograph. *See* TEX. R. APP. P. 33.1.

We review challenges to the admission of evidence for an abuse of discretion by the trial court. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g) ("as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld"). Evidence of membership in a gang during the punishment phase of a trial is generally admissible as evidence of the defendant's character, as is evidence relating to the activities of the gang. *Beasley v. State*, 902 S.W.2d 452, 456-57 (Tex. Crim. App. 1995). Davis does not cite to any authorities in support of his contention that the photograph should have been excluded. We do not believe that the admission of the photograph of Davis was outside of the zone of reasonable disagreement. We overrule issue two.

*Conclusion*

We find that the argument made in this appeal regarding the admission of the opinion of the probation officer does not comport with his objection at trial. We find that the trial court did not abuse its discretion in the admission of a photograph of Davis making a gang sign. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed July 21, 2010
Do not publish
[CRPM]